UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ENCORE CAPITAL GROUP, INC.; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; and ASSET ACCEPTANCE CAPITAL CORP.,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  20-cv-1750-GPC-KSC<br><br>**FINAL JUDGMENT AND ORDER APPROVING JOINT MOTION FOR ENTRY OF STIPULATION**<br><br>[ECF No. 5] |

　　　　Plaintiff, the Bureau of Consumer Financial Protection (Bureau) commenced this civil action on September 8, 2020, to obtain injunctive and monetary relief and civil penalties from Encore Capital Group, Inc. (Encore Capital); Midland Funding, LLC (Midland); Midland Credit Management, Inc. (MCM); and Asset Acceptance Capital Corp. (Asset). The complaint alleges violations of the Consumer Financial Protection Act of 2010 (CFPA); 12 U.S.C. §§ 5531, 5536(a), 5564, 5565; and the Fair Debt Collection

1

Practices Act (FDCPA); 15 U.S.C. §§ 1692 to 1692p; in connection with Defendants' debt-collection acts and practices.

The Bureau and Defendants agree to entry of this Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

Therefore, **IT IS ORDERED**:

## FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Defendants neither admit nor deny the allegations in the Complaint, except as specified in this Order. For purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

3. Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4. Entry of this Order is in the public interest.

## DEFINITIONS

5. The following definitions apply to this Order:

    a. **"2015 Order"** means the administrative order issued to Encore Capital, Midland, MCM, and Asset, entitled *Encore Capital Group, Inc.*, 2015-CFPB-0022 (Sept. 9, 2015).

    b. "**Affected Consumers**" means the 14 consumers identified in Supplemental Appendix I provided to the Bureau on April 22, 2019

1  for which Encore made collection after an applicable "OALD
2  Request."
3  c.  "**Board**" means Defendants' duly-elected and acting Board of
4  Directors.
5  d.  "**Charge-off**" means the treatment of a receivable balance by a
6  Creditor as a loss or expense because payment is unlikely.
7  e.  "**Charge-off Balance**" means the amount alleged due on an account
8  receivable at the time of Charge-off.
9  f.  "**Clearly and prominently**" means:
10  i.  as to written information, written in a type size and location
11  sufficient for an ordinary Consumer to read and comprehend it,
12  and disclosed in a manner that would be easily recognizable and
13  understandable in language and syntax to an ordinary
14  Consumer. If the information is contained in a multi-page print
15  document, the disclosure appears on the first page and
16  ii.  as to information presented orally, spoken and disclosed in a
17  volume, cadence, and syntax sufficient for an ordinary
18  Consumer to hear and comprehend.
19  g.  "**Consumer**" means any natural person obligated or allegedly
20  obligated to pay any Debt.
21  h.  "**Creditor**" means any person who offers or extends credit creating a
22  Debt or to whom a Debt is owed, but such term does not include any
23  person to the extent that that person receives an assignment or transfer
24  of a debt in default solely for the purpose of facilitating collection of
25  such Debt for another.
26  / / /
27
28

i. "**Debt**" means any obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, insurance, or services that are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

j. "**Defendants**" means Encore Capital Group, Inc.; Midland Funding, LLC; Midland Credit Management, Inc.; and Asset Acceptance Capital Corp., individually, collectively or in any combination, and any of their successors and assigns.

k. "**Effective Date**" means the date on which this Order is entered by the Court.

l. "**Enforcement Director**" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegee.

m. "**Legal Collection**" means any collection efforts made by any internal legal department or a third-party law firm to collect a Debt owed or allegedly owed to Defendants, including but not limited to sending letters on law firm letterhead and filing Debt-collection lawsuits, but does not include any post-judgment collection efforts.

n. "**Original Account-Level Documentation**" or "**OALD**" means:
  i. any documentation that a Creditor or that Creditor's agent (such as a servicer) provided to a Consumer about a Debt;
  ii. a complete transactional history of a Debt, created by a Creditor or that Creditor's agent (such as a servicer); or
  iii. a copy of a judgment, awarded to a Creditor or entered on or before the Effective Date.

o. "**Related Consumer Action**" means a private action by or on behalf of one or more Consumers or an enforcement action by another governmental agency brought against Defendants based on substantially the same facts as described in the Complaint.

p. "**Time-Barred Debt"** is a debt that is beyond an applicable statute of limitations for a Debt-collection lawsuit.

## CONDUCT RELIEF

### I.

**IT IS ORDERED** that:

6. Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, may not violate §§ 1031 and 1036 of the CFPA, 12 U.S.C. §§ 5531 and 5536, or § 807, 807(2)(A), 807(5), and 807(1) of the FDCPA, 15 U.S.C. § 1692e, 1692e(2)(A), (5), (10).

**Prohibition on Failing to Disclose Known Possible Fees**

7. For 5 years after the Effective Date, Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, may not violate § 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5536(a)(1)(B), by knowingly or recklessly using a payment processor that processes Consumers' payments in another country without disclosing to Consumers the potential that Consumers may be subject to fees as a result and that Consumers can avoid those fees by using alternative payment methods.

**Extension of Certain of the 2015 Order's Conduct Provisions**

8. For 5 years after the Effective Date, Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation

with them, who have actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

    a.    initiating a Legal Collection lawsuit unless in possession of the following:

        i.    Original Account-Level Documentation reflecting, at a minimum: the Consumer's name; the last four digits of the account number associated with the Debt at the time of Charge-off; and the claimed amount, prior to any post Charge-off payments (unless the claimed amount is higher than the Charge-off Balance, in which case Defendants must possess (i) Original Account-Level Documentation reflecting the Charge-off Balance and (ii) an explanation of how the claimed amount was calculated and why such increase is authorized by the agreement creating the Debt or permitted by law);

        ii.    if Defendants are suing under a breach of contract theory, the contractual terms and conditions applicable to the Debt;

        iii.    a chronological listing of the names of all prior owners of the Debt and the date of each transfer of ownership of the Debt, beginning with the name of the Creditor at the time of Charge-off; and

        iv.    any one of the following:

            1.    a document signed by the Consumer evidencing the opening of the account forming the basis for the Debt; or

            2.    OALD reflecting a purchase, payment, or actual use of the account by the Consumer.

///

      b.      engaging in any Legal Collection without providing the Consumer with certain information about the Debt, unless previously provided, including but not limited to, the following information:

           i.      the name of the Creditor at the time of Charge-off, including the name under which the Creditor did business with the Consumer;

           ii.      the last four digits of the account number associated with the Debt at the time of the Consumer's last monthly account statement, or, if not available, at the time of Charge-off;

           iii.      the Charge-off Balance;

           iv.      Defendants' method of calculating any amount claimed in excess of the Charge-off Balance; and

           v.      a statement that, upon Defendants' receipt of a written request, the Consumer will be provided with copies of the documentation referenced in Subsection (a) of this Paragraph. For any disclosure made pursuant to this provision after the Effective Date, Defendants must inform the Consumer that it will provide the requested documentation "within 30 days" of a request and "at no cost." *Provided that*, Defendants have to provide such documentation only once per year and that Defendants are not required to provide such documentation in response to a request made more than one year after Defendants have ceased collecting the Debt.

9.      For 5 years after the Effective Date, Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation

with them who have actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

    a.    collecting or attempting to collect any Time-Barred Debt through litigation or arbitration;

    b.    collecting or attempting to collect any Time-Barred Debt through any means, including but not limited to telephone calls and written communications, without clearly and prominently disclosing to the Consumer:

        i.    for those Consumer accounts where the Debt is Time-Barred and generally cannot be included in a Consumer report under the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(a), but can be collected through other means pursuant to applicable state law, Defendants will include the following statement: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau"; and

        ii.    for those Consumer accounts where the Debt is Time-Barred but can be collected through other means pursuant to applicable state law and may be included in a Consumer report under the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(a), Defendants will include the following statement: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

///

           Provided, however, that with regard to telephonic communications, Defendants are not required to make either disclosure to any individual person more than once per 30-day period; or

    c.   making any representation or statement, or taking any other action that interferes with, detracts from, contradicts, or otherwise undermines the disclosures required by ¶ 9(b).

    d.   Defendants will be deemed to have complied with the disclosure requirements of ¶¶ 9(b) and (c) if they make a disclosure to Consumers using the relevant language from a model form approved by the Bureau in any final rule issued by the Bureau under the FDCPA or a disclosure that:

        i.   is required by the laws or regulations of a specific jurisdiction;

        ii.   complies with those laws or regulations; and

        iii.   is substantially similar to the disclosure required by ¶ 9(b).

## II.
## Role of the Board

**IT IS FURTHER ORDERED** that:

10.   The Board must review all submissions (including plans, reports, programs, policies, and procedures) required by this Order prior to submission to the Bureau.

11.   The Board will have the ultimate responsibility for proper and sound management of Defendants and for ensuring that Defendants comply with the laws that the Bureau enforces, including Federal consumer-financial laws and this Order.

12.   In each instance that this Order requires the Board to ensure adherence to, or perform certain obligations of Defendants, the Board must:

    a.   authorize whatever actions are necessary for Defendants to fully comply with this Order;

      b.    require timely reporting by management to the Board on the status of compliance obligations; and

      c.    require timely and appropriate corrective action to remedy any material non-compliance with any failures to comply with Board directives related to this Section.

## MONETARY PROVISIONS

### III.

### Order to Pay Redress

**IT IS FURTHER ORDERED** that:

13. A judgment for monetary relief is entered in favor of the Bureau and against Defendants in the amount of $78,308.81, which includes:

      a.    $69,377 in redress that Defendants already voluntarily provided; and

      b.    $8,931.81 in redress that Defendants must pay to any Affected Consumers in the amount collected from an Affected Consumer after that Affected Consumer requested OALD but before Defendants provided OALD.

14. Defendants may not condition the payment of any redress to any Affected Consumer under this Order on that Affected Consumer waiving any right.

### IV.

### Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED** that:

15. Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Complaint and continuing until the Effective Date and taking into account the factors in 12 U.S.C. § 5565(c)(3), Defendants must pay a civil money penalty of $15 million to the Bureau.

///

16. Within 10 days of the Effective Date, Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

17. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

18. Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants may not:

    a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order or

    b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

## V.
## Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

19. In the event of any default on Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

20. Defendants relinquish all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law, and no part of the funds may be returned to Defendants.

21. The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of

this Order, or in any subsequent civil litigation by or on behalf of the Bureau in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

22. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Bureau under to § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against each Defendant, even in such Defendant's capacity as debtor-in-possession.

23. Under 31 U.S.C. § 7701, Defendants, unless they already have done so, must furnish to the Bureau their taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

24. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action under this Order, Defendants must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendants paid or are required to pay to Consumers and describe the Consumers or classes of Consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendants may not argue that Defendants are entitled to, nor may Defendants benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Defendants based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Defendants must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the

U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## **COMPLIANCE PROVISIONS**

### VI.

### Reporting Requirements

**IT IS FURTHER ORDERED** that:

25.    Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against any Defendants; or a change in any Defendants' name or address. Defendants must provide this notice, if practicable, at least 30 days before the development, but in any case no later than 14 days after the development.

26.    Within 7 days of the Effective Date, each Defendant must:

    a.    designate to the Bureau at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendant;

    b.    identify to the Bureau all businesses that do business in the United States for which any Defendant is the majority owner, or that any Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; and

    c.    describe to the Bureau the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

27. Defendants must report to the Bureau any change in the information required to be submitted under ¶ 26 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

28. Within 90 days of the Effective Date, again one year after the Effective Date, and annually for 4 years thereafter, Defendants must submit to the Bureau's Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report) that has been approved by the Board, sworn to under the penalty of perjury, which, at a minimum:

    a. lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which Defendants have complied with each such paragraph and subparagraph of this Order;

    b. provides proof of the provision of full redress to Affected Consumers, unless previously submitted to the Bureau; and

    c. attaches a copy of each Order Acknowledgment obtained under § VII, unless previously submitted to the Bureau.

# VII.
## Order Distribution and Acknowledgement

**IT IS FURTHER ORDERED** that:

29. Within 7 days of the Effective Date, each Defendant must submit to the Bureau's Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

30. Within 30 days of the Effective Date, Defendants must deliver a copy of this Order to each of its Board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

///

31.     For 5 years from the Effective Date, Defendants must deliver a copy of this Order to any business entity resulting from any change in structure referred to in § VI, any future Board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

32.     Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 45 days of delivery, from all persons receiving a copy of this Order under this Section.

33.     Should any Defendant seek to transfer or assign all or part of its operations that are subject to this Order, it must, as a condition of sale, obtain the written agreement of the transferee or assignee to comply with all applicable provisions of this Order.

## VIII.
## Recordkeeping

**IT IS FURTHER ORDERED** that:

34.     Defendants must create, for at least 5 years from the Effective Date, the following business records:

    a.   all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau; and

    b.   all documents and records pertaining to the redress described in § III above.

Defendants must retain these documents for at least 5 years after creation and make them available to the Bureau upon the Bureau's request.

/ / /

# IX.

# Notices

**IT IS FURTHER ORDERED** that:

35. Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "BCFP v. Encore Capital Group, Inc., et al.; Case No. 20-cv-1750," and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

> Assistant Director for Enforcement
> Bureau of Consumer Financial Protection
> ATTENTION: Office of Enforcement
> 1700 G Street, N.W.
> Washington D.C. 20552

36. Encore may seek a modification to non-material requirements of this Order (*e.g.*, reasonable extensions of time and changes to reporting requirements) by submitting a written request to the Enforcement Director. The Enforcement Director may, in his or her discretion, modify any non-material requirements of this Order (*e.g.*, reasonable extensions of time and changes to reporting requirements) if he or she determines good cause justifies the modification. Any such modification by the Enforcement Director must be in writing.

# X.

# Compliance Monitoring

**IT IS FURTHER ORDERED** that, to monitor Defendants' compliance with this Order:

37. Within 14 days of receipt of a written request from the Bureau, Defendants must submit additional compliance reports or other requested non-privileged information related to the requirements of this Order, which must be sworn under penalty of perjury; provide sworn testimony related to the requirements of this Order and Defendants'

compliance with those requirements; or produce non-privileged documents related to the requirements of this Order and Defendants' compliance with those requirements.

38. Defendants must permit Bureau representatives to interview about the requirements of this Order and Defendants' compliance with those requirements any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

39. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or other compulsory process.

## XI.

## Release

40. The Bureau releases and discharges Defendants from all potential liability for violations of law that the Bureau has or might have asserted based on the practices described in the Complaint, to the extent such conduct occurred before the Effective Date and the Bureau knows about it as of the Effective Date. The Bureau may use the practices described in the Complaint in future enforcement actions against Defendants and their affiliates, including, without limitation, to establish a pattern or practice of violations or the continuation of a pattern or practice of violations or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau to determine and ensure compliance with this Order, or to seek penalties for any violations of this Order.

/ / /

## XII.
## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

41.  The Court will retain jurisdiction of this matter for the purposes of construction, modification (including any request by any party to modify the conduct prohibitions), and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  October 15, 2020

Hon. Gonzalo P. Curiel
United States District Judge